UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| NATHAN DOBNEY,<br><br>                Plaintiff,<br><br>vs.<br><br>OFFICER ANTHONEY KLUNDER, CLAY COUNTY, CITY OF VERMILLION, MICHAEL SMITH,<br><br>                Defendants. | 4:17-CV-04050-KES<br><br><br>ORDER ADOPTING REPORT AND RECOMMENDATION AND GRANTING MOTION FOR SUMMARY JUDGMENT |

Plaintiff, Nathan Dobney, filed a complaint under 42 U.S.C. § 1983, the Americans with Disabilities Act (ADA), and the Rehabilitation Act on April 13, 2017. Docket 1. Defendants have moved for summary judgment. Docket 15. The court referred the case to Magistrate Judge Veronica Duffy in its January 19, 2018 order and under 28 U.S.C. § 636(b)(1)(A) and (B). On March 28, 2018, Magistrate Judge Duffy submitted her report and recommended that defendants' motion for summary judgment (Docket 15) be granted. Dobney timely objected to the report and recommendation (Docket 27) and defendants responded to Dobney's objection (Docket 28). For the reasons below, Magistrate Judge Duffy's report and recommendation is adopted, summary judgment is granted, and the complaint is dismissed.

Review of a magistrate judge's report and recommendation is governed by 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure. Under 28 U.S.C. § 636(b)(1), the court reviews de novo any objections that are timely made and specific. *See* Fed. R. Civ. P. 72(b) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. ").

Dobney objects to the Report and Recommendation and argues that qualified immunity does not protect defendants sued in their official capacity. Docket 27. Although true, Dobney's objection fails to address the reason his official capacity claim fails. Official capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978)). A city or county may not be held liable solely on the basis that a constitutional violation was committed by one of its employees. *Monell*, 436 U.S. at 693–94. "[I]n an official-capacity suit the [city or county] 'policy or custom' must have played a part in the violation of federal law." *Kentucky*, 473 U.S. at 166 (quoting *Monell*, 436 U.S. at 694). To survive a motion for summary judgment for a claim made against a city or county, a plaintiff must show some evidence that the claimed constitutional violation is more than a one-time occurrence, i.e. that the action was taken in accordance with a policy or custom or that the city or county failed to create a policy or custom despite a pattern of similar constitutional violations making additional policies necessary. *Szabla v. City of Brooklyn Park,*

486 F.3d 385, 392–93 (8th Cir. 2007). In this case, Dobney did not assert in his complaint that Officer Anthoney Klunder or Michael Smith acted pursuant to a policy or custom of the city or county. Dobney has not identified in any subsequent pleadings in response to defendants' summary judgment motion a city or county policy or custom that he claims was the "moving force" behind the constitutional deprivations he alleged were inflicted upon him by two of the named defendants. As such, his official capacity claims fail. *Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Graham*, 473 U.S. at 166.

Thus, it is ORDERED

1. Dobney's objections to the report and recommendation (Docket 27) are overruled.
2. The report and recommendation (Docket 26) is adopted in full.
3. Defendants' motion for summary judgment (Docket 15) is granted.

DATED this 4th day of May, 2018.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE